### JAKE BARNES v. STATE.

No. A-1778.   Opinion Filed July 26, 1913.
Appeal from County Court, Oklahoma County;
John W. Hayson, Judge.

Jake Barnes was convicted of operating a roulette game, and appeals.   Reversed.

10 Cr.—20

Kistler, McAdams & Haskell, for plaintiff in error.

Smith C. Matson, Asst. Atty. Gen., and Jos. L. Hull, Sp. Asst. Atty. Gen., for the State.

PER CURIAM. The plaintiff in error, Jake Barnes, was tried and convicted at the April, 1912, term of the county court of Oklahoma county on a charge of operating a roulette game, and his punishment fixed at a fine of $500 and imprisonment in the county jail for a period of 90 days. Among other assignments urged for reversal of this cause, counsel for the accused contend that the court erroneously permitted Ross N. Lillard to amend the information after a demurrer had been sustained thereto, their contention being that under and by virtue of the laws of this state no person has the power to amend an information for a misdemeanor except the county attorney or one of his duly qualified and acting deputies. The record contains the following recital: "It is further admitted by the state that Ross Lillard amended the information in the above entitled cause by permission of the court, and was not at the time of the amendment of said information the duly qualified and acting assistant or deputy county attorney within and for Oklahoma county, state of Oklahoma." Under the doctrine announced by this court in the case of McGarrah v. State, ante, decided at the present term, this cause will have to be reversed. It is unnecessary to consider the other assignments. The judgment of the trial court is reversed and the cause remanded with directions to the county court of Oklahoma county to permit the county attorney to file a proper information and proceed with the trial of the cause.